PEARSON, Chief Judge.
The appellant sued the appellee, Utica Mutual Insurance Company, on an insurance policy issued to the appellant upon the contents of his home. This policy included coverage for unscheduled personal property and included a provision that a portion of the coverage was applicable wherever the personal property was located.
While taking an overseas journey, appellant suffered a loss of some of his personal property. He made a claim to the appellee, and the claim was denied. The appellee defended this action on the basis that its policy excluded from coverage property which is specifically described and specifically covered by other insurance. Upon appellee’s motion for summary judgment an affidavit was presented attaching a marine open policy issued to an air carrier. Appellee contends that this policy is, by the air waybill, made a specific policy covering the personal property loss so that the exclusion under appellee’s policy precludes right to recovery. A summary final judgment was entered by the trial court. This appeal is from that judgment.
The substantial question presented by this appeal is whether it affirmatively appears as a matter of law that appellant has no action against appellee because of the exclusion, which reads as follows:
“Coverage C — Unscheduled Personal Property.
This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by an insured, while in all situations anywhere in the world.
******
“This Coverage does not include * * * property which is separately described and specifically insured in whole or in part by this or any other insurance.” (Emphasis added.)
An affidavit upon which appellee relied for its summary judgment is by Mr. Chew Poh Loh, an administrative assistant for insurance and claims of Malaysia-Singapore Airlines, Ltd. It contains the following statement:
“2. The baggage shipped on Malaysian Airways Limited, Air Waybill 127 10814, by William Sucher was insured and was covered by the policy of insurance issued to Malaysian Airways Limited by the American International Assurance Company, Ltd., and a copy of that policy is attached to this affidavit as Exhibit A.”
This statement is of course a statement of a legal conclusion, but it directs us to the exhibit. The exhibit is a copy of a policy of insurance, which provides, among other things:

“The Assured MALAYSIAN AIRWAYS, LTD. in respect of shippers’/consignees’ interests under air cargo shipments declared hereunder.
Upon Goods and/or Merchandise consisting principally of lading issued by Malaysian Airways Ltd. and Agents *689 acting on their behalf in respect of which declarations have been given to Malaysian Airways Ltd. or their Agents at the time of shipment.
Valued at Amounts as declared by shippers to Malaysian Airways Ltd.
Shipped, or to be shipped Airfreight and/or conveyances.
At and from Whilst in the course of transit from the time the property is delivered by the Consignor to Malaysian Airways Ltd. or their Agents until it is delivered or offered to the Consignee at final destination.
Limit of Liability This Company shall not be liable under this policy for more than MALAYSIAN DOLLARS THREE HUNDRED THOUSAND ONLY (M$300,000. — ) for any one aircraft or conveyance or in any one place at any one time unless previously agreed upon as per printed clause No. 7 of this policy.”
The air waybill shows a charge for “Insurance Premium 10 cents per M$100— $300.” The reverse of the waybill contains twelve paragraphs of small print. The eighth paragraph provides:
“If the appropriate premium is paid, the goods covered by this air consignment note are insured on behalf of the consignor under an open policy in the amount of the consignor’s declared value for insurance set forth on the face hereof (recovery being limited to the actual loss or damage) subject to the terms and conditions pf such open policy. The policy includes cover in respect of war, strikes, riots, hostilities, or legal seizure except in certain territories, particulars of which may be obtained from the carrier. The terms and conditions of the open policy are available for inspection by the consignor. Claims should be reported to any office of the carrier.”
The waybill describes the property shipped as “Three (3) suitcases Personal effects”. No policy of insurance was ever furnished to appellant by the Malaysian Airways, Ltd. or by Malaysia-Singapore Airlines, Ltd.
The question thus is whether these documents presented upon the affidavit of Mr. Chew Poh Loh established without genuine issue of fact that appellee was entitled to a summary final judgment as a matter of law because the American International Assurance Company policy plus the air waybill constituted an insurance, policy which “separately described and specifically insured in whole or in part” the property for which loss is claimed?
“A specific policy covers specific property, at a specific location for a specific amount and for a specific premium.” Morgan v. Badger Mutual Insurance Company, 192 F.Supp. 249 (N.D.Fla.1961), aff’d 313 F.2d 783 (5th Cir. 1963). Here property belonging to the appellant at a specific location (Singapore) was being transported to Tokyo, via Hong Kong. It was insured for a specific amount (three thous- and Malaysian dollars) for a specific premium (three Malaysian dollars). The insurance policy furnished by Malaysian Airways thus meets three of the four criteria of a “specific policy” set forth in the Badger Mutual case.
In France v. Hart, Fla.App.1965, 170 So.2d 52, this court defined “specific property” as “property capable of identification.” The only property capable of identification named in the waybill was “three suitcases.” The personal property for which loss is claimed (no particulars as to items is pleaded or shown) is not separately described in the air waybill. The designation “Three suit cases” specifically describes only the suitcases. The Malaysian insurance policy did not identify the contents of the suitcases to any greater degree than did ap-pellee’s insurance policy. We conclude that the Malaysian insurance policy did not insure “specific property”; did not therefore meet the fourth criterion set forth in Morgan v. Badger Mutual Insurance Com *690 pany, above; and so did not specifically describe and specifically insure appellant’s lost property so as to preclude coverage under the policy issued by the appellee.
We hold that the policy issued to Malaysian Airways does not provide specific coverage for appellant’s loss thereby permitting appellee to avoid liability. We therefore conclude that the summary judgment was improperly entered and must be reversed because appellee did not show that it was entitled to judgment as a matter of law. See cases cited at 30 Fla.Jur., Summary Judgment §§ 7, 10.
Reversed and.remanded.